## MINDER *v.* GEORGIA.

ERROR TO THE SUPERIOR COURT OF BIBB COUNTY, STATE OF GEORGIA.

No. 417. Argued December 3, 1901.—Decided January 6, 1902.

This court cannot interfere with the administration of justice in the State of Georgia because it is not within the power of the courts of that State to compel the attendance of witnesses who are beyond the limits of the State, or because the taking or use of depositions of witnesses so situated in criminal cases on behalf of defendants is not provided for by statute and may not be recognized in Georgia.

THE case is stated in the opinion of the court.

*Mr. John R. Cooper* for plaintiff in error. *Mr. Herman Brasch* and *Mr. Marion W. Harris* were on his brief.

*Mr. J. M. Terrell* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

At the November term, 1900, of the superior court of Bibb County, Georgia, Isadore Minder was tried on an indictment for murder, convicted, and sentenced to death. A motion for new trial was made upon the ground, among other things, that the court erred in refusing to continue the case on account of the absence of material witnesses residing in Alabama, whose names were given. The defence was insanity, and the motion for continuance set forth that the witnesses would testify that the accused was insane; "that all the powers of the court have been exhausted to procure the attendance of said witnesses;" that they had refused to attend; and that the court had no authority under the constitution and laws of the State of Georgia to procure their attendance, or their testimony, and that their depositions would not be admissible in evidence if obtained. The motion further stated that if he were tried "without being

afforded process by which either to compel the attendance or to procure the depositions of said witnesses, that defendant, who is a citizen of the United States and a resident of Georgia, would be deprived of his life, liberty, and property without due process of law, and would be denied his right and privilege and immunities as a citizen of the United States in violation of the Constitution of the United States, and particularly the 1st paragraph of the 14th Amendment thereto; and in violation of said amendment would be denied the equal protection of the laws with American citizens of other States of this Union where the state and Federal process affords the defendant means to secure the depositions of non-resident witnesses in capital cases, and the State allows the introduction of such depositions in evidence in behalf of the defendant in such other States." It was further stated that "unless the State will consent to the introduction of depositions from said non-resident witnesses and will afford him a reasonable opportunity to secure the same, petitioner will be denied the equal protection of the laws and will be deprived of his life and liberty without due process of law." The motion for new trial was overruled by the superior court, and defendant sentenced, whereupon an appeal was taken to the Supreme Court which affirmed the judgment. 113 Georgia, 772.

This writ of error was then sued out, and the errors assigned were in substance that the Supreme Court erred in not reversing the judgment of the court below for error in denying the motion for continuance, which denial it was contended was a denial of due process of law and the equal protection of the laws secured by the Fourteenth Amendment. This point was made in the Supreme Court and the matter of the ruling on the motion to continue was disposed of thus :

" The application for a continuance was made upon the ground of the absence of certain witnesses whose testimony it is claimed was very material to the defence of insanity set up by the accused. It appeared that these witnesses resided in the State of Alabama, that the court had caused subpœnas to be issued directed to these witnesses, that they had been transmitted by mail to the witnesses, that the subpœnas had been received by

them, and that they had refused to attend court upon the advice of their counsel in Alabama that there was no law requiring them to leave their State to attend as witnesses a court of another State. It distinctly appeared that the witnesses had refused to attend, and there is nothing in the record to indicate that there were any reasonable grounds for hoping that they might be induced to attend at a subsequent term of the court if the case had been continued. Under such circumstances it does not seem to us that the court erred in refusing to postpone the case. In a case of this character, where the life of the accused is at stake, and the court has at its command no compulsory process which could be used to enforce the attendance of the witnesses from beyond its jurisdiction, a promise by the witnesses to attend at a subsequent term of the court might address itself very strongly to the discretion of the trial judge and authorize him to continue the case; but certainly there is no abuse of discretion when the witnesses are beyond the jurisdiction of the court and beyond the power of its process, and not only refuse to attend voluntarily, but give no indication that they will at any time in the future be willing to attend upon the sessions of the court. It was argued here that the court should have sent an officer into the State of Alabama and served each of the witnesses personally with subpœnas. We do not think the court had any authority to do this, even if there were no impropriety in an officer of this State going into the State of Alabama and making personal service of a paper. The courts of this State are under no obligations to litigants to send their officers beyond the limits of the State to do acts which would be purely voluntary on the part of such officers; and certainly the court should not use one of its officers in this way when the sole purpose in so doing would be to produce a species of moral coercion upon a citizen of another State to come into this State, when he is not required by law to do so, and would have a right to ignore the command of the court thus transmitted to him. The point was made in the court below, and was argued here, that the failure of the law of this State to provide a method for compelling the attendance of witnesses from beyond the jurisdiction of the State, or for obtaining the depositions of

such witnesses and allowing them to be introduced in evidence in behalf of a person charged with crime, was a denial to such person of the equal protection of the laws, and his conviction under such circumstances would be depriving him of life or liberty, as the case may be, without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. We do not see how a person on trial could be so said to be denied the equal protection of the laws when he is tried under laws of procedure applicable to every person charged with crime. Nor can we see how a person is deprived of life or liberty without due process of law, on account of not having the benefit of the testimony of witnesses who are beyond the jurisdiction of the court, when the law-making power of the State is powerless to make any provision which would result in the compulsory attendance of the witnesses, and the use of depositions in such cases is directly contrary to the usages, customs, and principles of the common law."

The requirements of the Fourteenth Amendment are satisfied if trial is had according to the settled course of judicial procedure obtaining in the particular State, and the laws operate on all persons alike and do not subject the individual to the arbitrary exercise of the powers of government. Because it not within the power of the Georgia courts to compel the attendance of witnesses who are beyond the limits of the State, or because the taking or use of depositions of witnesses so situated in criminal cases on behalf of defendants, is not provided for, and may not be recognized in Georgia, we cannot interfere with the administration of justice in that State on the ground of a violation of the Fourteenth Amendment in these particulars.

*Judgment affirmed.*