No. 18,148.

A. L. SOLLIDAY *v.* DISTRICT COURT OF THE CITY AND
COUNTY OF DENVER, ET AL.

(313 P. [2d] 1000)

Decided June 24, 1957.

Messrs. HODGES, SILVERSTINE, HODGES & HARRINGTON, for petitioner.

Messrs. HANNETT, HANNETT & CORNISH, Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

STANOLIND OIL AND GAS COMPANY, a corporation,

herein referred to as Stanolind, as plaintiff below brought a civil action in the Denver District Court against Paul H. Umbach and Brookhaven Oil Company, a corporation, as defendants. Umbach and Brookhaven Oil Company will be referred to herein when necessary by name or as defendants. Both companies are foreign corporations qualified to do business in the State of Colorado.

By its action Stanolind seeks to establish a constructive trust against defendants on certain oil and gas properties located in the States of Colorado and New Mexico. Plaintiff alleges these properties were obtained by improper use by the defendants of confidential geological information, and by the defendant Umbach in violation of a company rule of Stanolind prohibiting employees from engaging in the oil and gas business on their own account.

Defendants gave notice in the District Court action that they would take the deposition of one A. L. Solliday at Tulsa, Oklahoma, on June 27, 1956. Thereafter on their motion in that action a dedimus was issued to a Commissioner in Tulsa, Oklahoma, to take the deposition of Solliday in Tulsa. The judicial authorities of the State of Oklahoma, pursuant to an Oklahoma statute giving such power, issued a subpoena duces tecum, which was served upon Solliday to appear in Tulsa and testify and produce his personal income tax returns for the years 1939 to 1952, inclusive. Solliday appeared at the time and place scheduled, answered all questions propounded to him. He also produced, in response to the subpoena, copies of his personal income tax returns. He declined to permit inspection of those returns by anyone.

Thereafter defendants moved the Denver District Court for an order directing Solliday to produce copies of his income tax returns for the years in question for inspection by defendants. On September 11, 1956, that court entered an order requiring Solliday to produce his income tax returns for inspection.

It appears that Solliday is the Executive Vice Presi-

dent of Stanolind, has never been a party to the Denver District Court action and at all times pertinent hereto was a resident of Oklahoma and was at no time within the borders of the State of Colorado. One of the purposes of taking Solliday's deposition was to obtain evidence in support of one of the several defenses raised in the case pending in the Denver District Court, such defense being that various officials of Stanolind were dealing on their own accounts in mineral and royalty interests, and further that there was no company policy prohibiting such activities as evidenced by the fact that various officials of Stanolind themselves engaged in the acquisition of such interests for their own accounts.

After the entry of the order of September 11, 1956, directing Solliday to produce his income tax returns for inspection, he petitioned this court for an order upon the district court to show cause why it should not be prohibited from enforcing its order upon him to produce his income tax returns for inspection. Solliday, though not a party to the District Court action, also proceeded in a separate action (No. 18,147) to sue out a writ of error in this court, his attorneys stating they could not determine the precise procedure to be followed, this being a case of first impression.

In support of his petition for prohibition Solliday urges that the District Court order complained of was issued without jurisdiction; is not authorized by the Colorado Rules of Civil Procedure; is contrary to the due process clause of the Colorado Constitution and of the Fourteenth Amendment to the United States Constitution; that it violates the provision of the Colorado Constitution prohibiting unreasonable searches and seizures; that it impairs the confidential character of his income tax returns; and that his proper remedy is relief in the nature of prohibition rather than by writ of error.

Prior to Solliday's petition seeking relief in this court Stanolind filed a motion to vacate the order to enforce discovery, which motion was denied by the trial court.

Stanolind alleged therein that Solliday was a resident of Tulsa, Oklahoma; was not a party to this action and was not before the court; that the court had no jurisdiction over such a witness; that the deposition was to be taken in Tulsa, Oklahoma, pursuant to the dedimus issued out of the Colorado court and that the subpoena duces tecum referred to as issued by a notary public in Tulsa, Oklahoma, was issued to a person over whom the Colorado court had no jurisdiction or control or authority in the premises. Stanolind further alleged that no good cause for the inspection of the personal income tax returns of Solliday was shown; that the income tax returns were Solliday's personal private papers and were not in the possession, custody or control of Stanolind and were not a part of its records. The claim was then made that the returns are confidential and privileged and that the witness so claimed at the taking of his deposition in Tulsa, Stanolind asserting that the attempt to inspect said witness's personal income tax returns was to embarrass, oppress and harass Solliday and was not made in good faith.

Though no mention is made thereof in the pleadings in this court we will proceed to treat the appearance of Solliday by his counsel as a special appearance for the purpose only of challenging the jurisdiction of the Colorado courts over him.

The first question to be determined is:

*May a party under the facts herein presented seek relief in this court by way of an order to Show Cause and for Relief in the Nature of Prohibition?*

This question is answered in the affirmative. We only recently reaffirmed the proposition that under our Rules of Civil Procedure an aggrieved party may petition this court for relief when an inferior tribunal has allegedly exceeded its jurisdiction and no plain, speedy and adequate remedy exists and that such is a matter of great public importance. *Stull v. District Court,* 135 Colo. 86, 308 P. (2d) 1006, decided March 18,

1957. We also held in that case that Rules 106 and 116 are to be construed together.

The relief granted by this court under the rules after an Order to Show Cause is at issue is now denominated "Relief in the Nature of Prohibition."

Solliday's pleadings here make out a prima facie case for the relief sought. In this case we consider the district court as lacking jurisdiction rather than its acts being an erroneous exercise thereof. See *Leonard v. Bartels,* 4 Colo. 95.

The second question to be determined is:

*Has a District Court in Colorado, in a suit pending before it, jurisdiction to order and compel a witness, not a party to the suit, domiciled and residing in a foreign state, to appear in the foreign jurisdiction and give testimony by deposition and to furnish his personal income tax returns at said hearing by virtue of a dedimus issued in Colorado and a subpoena duces tecum issued in the foreign state?*

This question is answered in the negative. To resolve this point involving enforcement of discovery proceedings it is necessary for us to consider the Rules of Civil Procedure, our statutes and the applicable Oklahoma statute as applied to the facts. Defendants' ingenious premise that they were sued by a foreign corporation in Colorado, therefore all of the plaintiff's officers and employees located and domiciled outside Colorado are subject to the jurisdiction of our courts, must fail. We know of no such rule of law in this state or elsewhere. See Wigmore on Evidence, 2d Ed. Section 2195, Subdivision (2). Corporations are *sui generis* and a suit against a principal is not a suit against its agents or employees. Obviously no employer, corporate or otherwise, can compel its personnel to travel to a foreign state, or furnish his private papers for the use of its opponents. Such would be a strange rule indeed. Our Rules do provide, however, that under limited circumstances if corporate officials fail to testify in a suit con-

cerning *the corporation,* as may be required by our courts, then certain pleading penalties may be invoked against *the corporation.* Rule 37 R.C.P. Reasonable discretion of course must be exercised in applying this rule and under the facts so far presented, penalties against Stanolind would not be justified thereunder.

Once this beclouding and false premise is eliminated an application of the proper facts to the law shows that the district court was proceeding without jurisdiction in this matter and that Solliday is entitled to his requested relief.

The applicable Oklahoma statute is entitled: "Uniform Foreign Depositions Act" which reads:

"Sec. 461. Citation of Act

"This may be cited as the Uniform Foreign Depositions Act. Laws 1951, p. 25, Sec. 1.

"Title of Act:

"An Act relating to depositions; providing for the compulsion of testimony in connection therewith; providing for its interpretation as a uniform act; repealing such legislation as is inconsistent therewith; and declaring an emergency. Laws 1951, p. 25.

"Sec. 462. Compelling witnesses to appear and testify — Manner, process and proceedings

"Whenever any mandate, writ or commission is issued out of any court of record in any other state, territory, district or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness or witnesses in this State, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State. Laws 1951, P. 25, Sec. 2.

"Sec. 463. Interpretation and construction

"This Act shall be so interpreted and construed as to effectuate its general purposes to make uniform the law of those states which enact it. Laws 1951, p. 25, Sec. 3."

The Colorado Rules of Civil Procedure, with

which we are concerned, appear as Rules 26, 28 and 45. Clearly Rule 34 has no application to the facts before us for the reason that it relates solely to discovery and the production of documents of *a party* to the action.

Rule 26 (a) concerning depositions and discovery, provides in part: "After jurisdiction has been obtained over any defendant or over property which is the subject of the action the testimony of *any person, whether a party or not, may be taken at the instance of any party by deposition* * * * for the purpose of discovery or for use as evidence in the action or for both purposes. The attendance of witnesses may be compelled by the use of subpoena as provided by Rule 45. *Depositions shall be taken only in accordance with these rules.* * * *." (Emphasis supplied.)

Rule 26 (b) provides in part as to the scope of the examination: "Unless otherwise ordered by the court as provided by Rule 30 (b) or (d), the deponent may be examined regarding any matter *not privileged, which is relevant* * * *." (Emphasis supplied.)

Rule 28 provides the "Persons Before Whom Depositions May Be Taken" the applicable portions of which are:

"(a)   Within the United States. Within the United States or within a territory or possession subject to the dominion of the United States, depositions shall be taken before an officer authorized to administer oaths by the laws of this state or of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony. * * *

"(d)   Outside Colorado. Upon proof that the notice to take a deposition outside the state of Colorado has been given as provided in these rules, the clerk shall issue a commission or letters rogatory *in the form prescribed by the state in which the deposition is to be taken,* such form to be presented by the party seeking

the deposition. 'Any error in the form or in the commission or letters is waived unless objection thereto be filed and served on or before the time fixed in the notice." (Emphasis supplied.)

Rule 45, entitled "Subpoena" sets forth in detail how subpoenas "shall be issued by the clerk under the seal of the court," for the production of documentary evidence, service, and place of examination. Rule 45 (d) (2) after setting forth how a resident may be required to appear for taking his deposition recites: "A nonresident of this state may be required by subpoena to attend only in the county wherein he is served with the subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court."

In considering the Oklahoma statute we note that Colorado has not adopted the Uniform Depositions Act and it has no application in this state. We do, however, have a statute relating to witnesses, which reads:

"Power of court to enforce attendance.—Whenever any commission or dedimus potestatem is issued by any court of record outside the state of Colorado, for taking the depositions of a witness, *resident or found within this state,* and the witness shall refuse to appear, or after an appearance refuse to testify, without fair and just excuse therefor, *the district court of the county where the party holding the commission resides, shall have power to* issue a subpoena commanding such witness to appear and testify before the proper officer, and shall have power to punish his disobedience, or enforce his testimony in the same manner as such court now has power to compel obedience to its subpoenas, enforce testimony, or punish for contempt in like cases, pending in said district court." C.R.S. '53, 153-1-11.

It is a long established general rule of law, not requiring the citation of authority, that no state court or government has authority beyond its own borders, each state being sovereign as to its own territory and

those residing therein. Such recognition as is given our laws or court orders by other states is based solely upon full faith and credit, comity, contract due to uniform acts, or compact.

Applying these principles, rules and statutes to the facts of this case we determine that:

■ 1. Rule 26 R.C.P. Colo. grants jurisdiction to the district courts over *all* persons for the purpose of taking depositions, with the implied limitation that those properly summoned must be within the jurisdiction of the court either as residents, or if as nonresidents, then subject to such jurisdiction due to mutual compact or uniform act.

■ 2. Rule 28, R.C.P., which provides in part for taking depositions outside of Colorado of nonresidents not parties to an action in Colorado or served within Colorado, is also subject to the implied limitations of mutual compact or uniform act.

■ 3. Rule 45 R.C.P. relating to the "Subpoena" power as applied to nonresidents not parties to an action in Colorado and not served in Colorado is, where applicable, also subject to the implied limitations of mutual compact or uniform act. Further, that part of Rule 45 (d) (2) above quoted relating to nonresidents is limited solely to those persons who are either parties to the action or witnesses therein, both of which classes of nonresidents must first have been properly served in the action to subject them to the jurisdiction of the court, or have waived or consented to the jurisdiction of the Colorado court.

Defendants, in their briefs, assert that not only is Solliday a party over whom the court has jurisdiction, but they also give the impression that he is the only official or employee whose income tax returns are important to their defense. We again point out that Solliday is not a party to the action and that no Colorado court can exercise jurisdiction over him while he is in Okla-

homa. It is not Solliday, but Stanolind who is plaintiff here, and even if it were established that Solliday had violated the company rule asserted by Stanolind in its complaint, such a breach of duty might not excuse similar conduct on the part of defendant Umbach.

Defendants urge that Solliday did not object to the taking of his deposition in Oklahoma, and thus waived his right to object to the subpoena duces tecum and consented to the jurisdiction of our courts. We are not impressed with this theory. It is fundamental that lack of jurisdiction cannot be waived and that this defense may be raised at any stage of the proceedings. Solliday could not waive that which did not exist.

Thus we arrive at the conclusion that Solliday could not, under these facts, be forced by a Colorado court either to submit to the taking of his deposition in Oklahoma or to produce his income tax returns at any such hearing. We also conclude that if defendants have any remedy for the enforcement of a dedimus from a Colorado court for the taking of Solliday's deposition (which is now immaterial since it has been taken) and for the issuance of a subpoena duces tecum thereunder by an authorized notary public in Oklahoma, their relief, if any, must be sought in the Oklahoma courts. The Colorado court's dedimus is legally only a *request* to the Oklahoma authorities, who will, of course, be governed by their own statutes, rules and decisions.

Our statute relating to witnesses cited supra confirms our conclusions. Under it our courts, in a similar situation as would be the Oklahoma courts here, can enforce a foreign dedimus, *but* only as to persons who are "resident or found within this state."

Having reached this conclusion, it is not necessary for us to discuss or consider whether Solliday's income tax returns are confidential or relevant, or both; nor need we consider the other questions presented.

We hold that the District Court in ordering Solliday to comply with the Oklahoma issued subpoena duces tecum, acted without authority and said order is void and without force or effect. Accordingly the Rule is Made Absolute.