No. 21395.

STATE OF MINNESOTA EX REL., MINNESOTA ATTORNEY
GENERAL *v.* THE DISTRICT COURT OF EL PASO
COUNTY, COLORADO, ET AL.
(395 P.2d 601)

Decided October 5, 1964.

522

Messrs. GALLAGHER and WILLS, for petitioner.

Messrs. RECTOR and KANE, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding commenced in this court by the State of Minnesota which filed a petition for issuance of rule directed to the above named respondents, requiring them to show cause why they should not be prohibited from enforcement of an order entered by them in a case pending in the district court of El Paso county. The said order purported to require the

appearance in Colorado of a resident of Minnesota for the purpose of taking a deposition under Rule 30 (a) and (b) R.C.P. Colo. Upon consideration of this petition a rule to show cause issued and respondents have answered and filed their brief in which it is urged that the rule be discharged.

The background for this proceeding is as follows: The State of Minnesota filed an action in the district court of El Paso county against one William T. Phillips in which it sought judgment for $1022.37 allegedly due Minnesota on account of unpaid income taxes. Counsel representing Phillips in that action served a notice upon counsel for Minnesota that the depositions of the Attorney General of the State of Minnesota and the Tax Commissioner for that state would be taken at the district court of El Paso county on April 24, 1964.

April 1, 1964, Minnesota filed its "Motion for Protection of Parties Under Rule 30 (b)." This motion, omitting the caption, reads as follows:

"Comes now the above named Plaintiff by its attorneys, Gallagher and Wills, and moves the Court for the following alternative relief with respect to the Defendant's notice to take the deposition of the Attorney General of Minnesota and the Tax Commissioner of Minnesota in Colorado Springs, Colorado, on April 24, 1964.

"1. An order that the deposition shall not be taken, or

"2. An order that the depositions be taken in St. Paul, Minnesota, or,

"3. An order that the depositions may be taken only on written interrogatories.

"As grounds for this motion, the Plaintiff represents that the Defendant's Notice to Take Deposition was filed for the purpose of causing the Plaintiff annoyance, embarrassment, inconvenience and unnecessary expense."

The final order of the district court of El Paso county which was entered following a hearing was as follows:

"That the Defendant is entitled to take the deposition in Colorado Springs of one witness representing the

plaintiff; that the Defendant is entitled to select the witness to be interrogated by deposition and that the parties are to agree as to the time, date and place of taking said deposition in Colorado Springs."

The instant action was thereafter commenced to prevent enforcement of the above order. The argument advanced in this court by counsel for Minnesota is presented under four captions. We need consider but two of the points urged, viz:

"1. Judge Enoch's order of June 25, 1964, is not supported by in personam jurisdiction over any witness representing the State of Minnesota.

"2. Judge Enoch's order of June 25, 1964, is not authorized by the Colorado Rules of Civil Procedure."

In answer to these points it is argued by counsel for respondents that Rule 26 (d) (2) R.C.P. Colo., provides that:

"The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, body politic, or association which is a party may be used by an adverse party."

He argues that:

"One cannot take the deposition of a corporation. You must take the deposition of a corporate officer. It seems incongruous to counsel that the Plaintiff can subject themselves to the jurisdiction of this Court by filing a Complaint and now deny that this Court has jurisdiction over the State of Minnesota. Surely the Plaintiff intends to use witnesses in the trial of this case and does not intend to call the State of Minnesota as a party."

This court has had occasion to consider a similar controversy in *A. L. Solliday v. District Court of the City and County of Denver, et al.*, 135 Colo. 489, 313 P.2d 1000. From the opinion in that case we quote, inter alia, the following:

"It is a long established general rule of law, not re-

quiring the citation of authority, that no state court or government has authority beyond its own borders, each state being sovereign as to its own territory and those residing therein. Such recognition as is given our laws or court orders by other states is based solely upon full faith and credit, comity, contract due to uniform acts, or compact.

"Applying these principles, rules and statutes to the facts of this case we determine that:

"1. Rule 26 R.C.P. Colo. grants jurisdiction to the district courts over *all* persons for the purpose of taking depositions, with the implied limitation that those properly summoned must be within the jurisdiction of the court either as residents, or if as nonresidents, then subject to such jurisdiction due to mutual compact or uniform act.

"2. Rule 28, R.C.P., which provides in part for taking depositions outside of Colorado of nonresidents not parties to an action in Colorado or served within Colorado, is also subject to the implied limitations of mutual compact or uniform act.

"3. Rule 45 R.C.P. relating to the 'Subpoena' power as applied to nonresidents not parties to an action in Colorado and not served in Colorado is, where applicable, also subject to the implied limitations of mutual compact or uniform act. Further, that part of Rule 45 (d) (2) above quoted relating to nonresidents is limited solely to those persons who are either parties to the action or witnesses therein, both of which classes of nonresidents must first have been properly served in the action to subject them to the jurisdiction of the court, or have waived or consented to the jurisdiction of the Colorado court."

The above quoted language is applicable to the instant case. Other remedies are available to William T. Phillips, including the right to take the deposition of any individual witness upon written interrogatories; and to serve interrogatories addressed directly to the plain-

tiff in the action, as provided for in Rule 33, R.C.P. Colo. The rule is made absolute.

MR. JUSTICE PRINGLE not participating.