MR. JUSTICE KELLEY
delivered the opinion of the Court.
Petitioner has instituted this original proceeding seeking a writ under C.A.R. 21 prohibiting the Denver District Court from ordering the defendants to secure the attendance of the petitioner, a non-resident, at a deposition hearing in Denver. We issued a rule to show cause. We now discharge the rule as improvidently granted.
The controversy in this proceeding arises out of a civil action brought by Richard Fenton in Denver District Court against Metro National Bank and Goodrich Realty & Development Group, Inc. The plaintiff alleged *498 that the defendants breached a written employment contract between the plaintiff and the defendants.
The plaintiff sought to depose petitioner in Denver by serving a Notice of Deposition on the defendants. At the time of the Notice of Deposition, petitioner was a resident of the state of New York, and was Executive Vice-President of the co-defendant Goodrich Realty, which corporation was organized under the laws of the state of Delaware with its principal residence and place of business in the state of New York. Petitioner had drafted the employment contract, which was allegedly breached, and later executed the contract on behalf of both corporate defendants. The petitioner was not a named party-defendant in the civil action.
In response to the Notice of Deposition served on the defendants, the petitioner alone entered a special appearance for the purpose of filing a Motion for Protective Orders under C.R.C.P. 26(c), which motion was denied by the trial court. The trial court then entered the following order on August 27, 1975:
. . [T]he Defendants shall comply with Plaintiffs Notice of Deposition heretofore served on the Defendants . .., and shall secure the attendance of Morris Weissman, Executive Vice-President of the Goodrich Realty & Development Group, Inc., for a deposition pursuant to said Notice [at the office of defendants’ counsel in Denver, Colorado] during the week of September 21, 1975...(Emphasis added.)
Petitioner contends that the District Court in the present case lacked personal jurisdiction over him, and, therefore, lacked the power to order him to appear in Denver for the purpose of giving his deposition.
However, that is not the issue in this proceeding. The District Court directed its order of August 27, 1975, to the defendants, and not to the petitioner.
The court order in this case was no doubt based on C.R.C.P. 37(d) which provides in part:
“If a party or an officer, director, or managing agent of a party . . . fails: (1) to appear before the officer who is to take his deposition, after being served with proper notice . . ., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subsection (b)(2) of this Rule.” (Emphasis added.)
The court in Solliday v. District Court, 135 Colo. 489, 313 P.2d 1000 (1957), recognized the distinction between assuming personal jurisdiction of a corporate officer and ordering a corporation which is a party to an action to produce an officer for a deposition, stating that:
“Corporations are sui generis and a suit against a principal is not a suit against its agents or employees. . . . Our Rules do provide, however, that under limited circumstances if corporate officials fail to testify in a suit concerning the corporation, as may be required by our courts, then certain pleading penalties may be invoked against the *499 corporation. Rule 37 C.R.C.P. Reasonable discretion of course must be exercised in applying this rule.. . .” (Emphasis added.)
See also Minnesota v. District Court, 155 Colo. 521, 395 P.2d 601 (1964).
Petitioner was not legally compelled under the order of the District Court to travel to Denver to give his deposition. Sanctions, if any, for the failure of petitioner to appear at the deposition would be imposed against the appropriate party or parties-defendant under Rule 37(d).
Thus, petitioner had no legal interest to protect regarding the District Court’s order of August 27, 1975. We, therefore, hold that petitioner is not an “aggrieved party.” Solliday v. District Court, supra. We do not reach the issue as to what sanctions, if any, the District Court could impose in the event the defendants fail to produce petitioner for his deposition in Denver.
The rule is discharged.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.