## 52518. WILKERSON v. THE STATE.

DEEN, Presiding Judge.

1. (a) Defendant's appeal from a burglary conviction rests primarily on an affidavit furnished by one Richard Lewis Smith, incarcerated at the time in a Birmingham, Alabama, jail on a charge of armed robbery, in which Smith stated that the burglary for which defendant was on trial was in fact committed by Smith, that he sold Wilkerson the stolen property and that Wilkerson did not know it was stolen. After obtaining the affidavit, Wilkerson's counsel moved for the case to be remanded to the United States District Court for the Middle District of Georgia, and alleged that a prior writ of habeas corpus ad testificandum for Smith's appearance in the defendant's trial had been presented to the proper Alabama Circuit Court and by it denied; that the removal was necessary to obtain the witness and to protect defendant's constitutional rights, and for other relief. After hearing, the district court remanded the case to Muscogee County, Georgia. The judge of the superior court of that county had previously issued an order in which he determined that good cause existed for requesting the presence of Smith to testify on Wilkerson's trial, making a finding that he was a necessary and material witness, and recommending that the Alabama

prisoner be delivered to the Muscogee County law enforcement officers for that purpose. The order and certified copies of the confession and prior legal proceeding had been presented to Hon. Wallace Gibson, Circuit Judge of the Tenth Judicial Circuit of Alabama, who responded that he refused to entertain it and refused to issue the requested writ.

It is clear that no error was committed by the Judge of the Muscogee Superior Court in refusing a further continuance under these circumstances. He has no power to force Alabama to surrender a prisoner (since convicted and incarcerated in Alabama) to be brought to Georgia to testify in a Georgia case. There is no Georgia, Alabama, or federal procedure other than those attempted by defendant's counsel which would provide for the acquisition of the witness or his testimony. An application for continuance must meet the requirements of Code Ann. § 81-1410, among which are a showing that the witness is not over 100 miles away and that movant expects to procure his testimony by the next term of court. It was accordingly necessary to refuse the continuance. Similarly, the second enumeration of error to the effect that the trial court withheld evidence is also without merit.

(b) We cannot leave this area, however, without comment on the existing state of Georgia law, and the dangers inherent in the occasional inability to obtain witnesses in criminal proceedings. This is particularly true where as here the defendant produces a sworn statement that another person has shouldered sole responsibility for the crime, and such person is physically unable to place himself within the jurisdiction of the courts of this state. The issue itself was decided as early as 1902 when the Supreme Court in Minder v. Georgia, 183 U. S. 559 (22 SC 224, 46 LE 328) held: "This court cannot interfere with the administration of justice in the State of Georgia because it is not within the power of the courts of that State to compel the attendance of witnesses who are beyond the limits of the State, or because the taking or use of depositions of witnesses so situated in criminal cases on behalf of defendants is not provided for by statute and may not be recognized in Georgia." *Chatterton v. Dutton,*

223 Ga. 243, 245 (154 SE2d 213), a case concerned with the constitutional implications of the former death sentence statutes, further relied on Minder in holding that Fourteenth Amendment safeguards are satisfied if trial is had according to the settled course of judicial procedure obtaining in the particular state, and certiorari was thereafter denied, 389 U. S. 914. The rule of law was again applied in Societe Internationale v. Brownell, 225 F2d 532, 540, which dealt with obtaining evidence from a foreign country in a civil case.

But a new voice was raised in Preston v. Blackledge, 332 FSupp. 681. There in a federal habeas corpus petition, the defendants urged denial of their right to compulsory process and equal protection of the laws when North Carolina refused to employ a state statute to obtain a defense witness from Pennsylvania. The court observed: "The Supreme Court held in 1902 that there was no deprivation of due process of law where an accused was denied the benefit of the testimony of witnesses who were beyond the jurisdiction of the state court. The basis of that holding was that the legislative power of the state was powerless to make a provision which would result in compulsory attendance of nonresident witnesses. Minder v. Georgia, 183 U. S. 559 (22 SC 224, 46 LE 328) (1902). Subsequent to that decision the states began adopting the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. North Carolina adopted this act in 1937 and Pennsylvania adopted it in 1941."

This Act became the law of Georgia on its approval March 31, 1976 (Ga. L. 1976, p. 1366). Section 6 provides: "(a) If a person confined in a penal institution in any other state is a material witness in a criminal action pending in a court of record or in a grand jury investigation in this State, a judge of the court may certify (1) that there is a criminal proceeding or investigation by a grand jury or a criminal action pending in the court, (2) that a person who is confined in a penal institution in the other state is a material witness in the proceeding, investigation, or action, and (3) that his presence will be required during a specified time. The certificate shall be presented to a judge of a court of record in the other state having jurisdiction

over the prisoner confined, and a notice shall be given to the Attorney General of the State in which the prisoner is confined. (b) The judge of the court in this State may enter an order directing compliance with the terms and conditions prescribed by the judge of the state in which the witness is confined." This is of course too late to aid the defendant, whose trial took place in late 1975. Georgia, it should be noted, has no means of taking out-of-state depositions in criminal cases, but Alabama has "no power to compel the attendance of an out of state witness, and the only method by which the testimony of such a witness may be obtained is by deposition. Title 15, Sections 297-300, Code of Alabama, 1940. . ." Argo v. State, 168 S2d 19, 23. Thus, even if otherwise available, the 1976 Georgia law would not be available since Alabama is not, as required by Section 8 of the Act "such state as shall enact reciprocal powers to this State relative to the matter of securing attendance of witnesses as herein provided." There is accordingly a very real danger that the constitutional rights of defendants in criminal cases in this state cannot be protected under existing law in circumstances such as obtained on the trial of this case.

We have considered the constitutional implications of this ruling, but are forced to conclude that this court, which has no constitutional jurisdiction in the matter, can come to no other conclusion.

2. The charge on alibi, patterned after that approved in *Patterson v. State*, 233 Ga. 724, 730 (213 SE2d 612) was not subject to objection. The fact that the court made and corrected a lapsus linguae ("they should convict — they should acquit — that was a slip of the tongue there") could not have misled the jury and shows no cause for reversal.

3. The verdict was supported by the evidence. A residence in Columbus, Georgia, was burglarized and a quantity of silver objects were stolen. Three weeks later an antique dealer at the Atlanta Flea Market some 100 miles away, found some of the pieces for sale and recognized them, the owner being an acquaintance of his. The defendant was identified as the person selling to the merchant, and defended on the ground that he had purchased the goods from the true thief without knowledge that they were stolen. This evidence was

sufficient to support the conviction. *Jackson v. State,* 111 Ga. App. 192 (6) (141 SE2d 177).

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 30, 1976.

*Gaines C. Granade,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.