**In re the PEOPLE of the State of Colorado, Plaintiff,**

**v.**

**Diomedes ARELLANO–AVILA, Defendant.**

**No. 01SA1.**

Supreme Court of Colorado.
En Banc.

March 26, 2001.

Wyatt B. Angelo, District Attorney, Seventh Judicial District, Dan W. Hotsenpiller, Assistant District Attorney, Montrose, CO, Attorneys for Plaintiff.

David S. Kaplan, Colorado State Public Defender, Harvey M. Palefsky, Deputy Public Defender, Montrose, CO, Attorneys for Defendant.

Justice HOBBS delivered the Opinion of the Court.

Pursuant to C.A.R. 21, the People petitioned for relief from a district court order that directed the parties to take the deposition of a Mexican citizen residing in Mexico. The district court held that the deposition was "necessary" within the meaning of Crim. P. 15, and that the rule did not bar the court from ordering the deposition to be taken outside of the United States. We issued a rule to show cause why the order should not be vacated. We hold that a Colorado court lacks authority under Crim. P. 15 to order a deposition of a person outside of its jurisdiction. No other provision of law authorizes the taking of the deposition ordered by the court in this case. . We make the rule absolute.

## I.

The prosecution charged the defendant, Diomedes Arellano–Avila, with one count of sexual assault and one count of sexual assault on a child by force. On November 22, 2000, Arellano–Avila filed a motion to take the deposition of Usbaldo Lopez–Avila, the nephew of Arellano–Avila, who was present in Arellano Avila's home during one of the alleged sexual assaults.

Lopez–Avila is a citizen of Mexico and resides there. In his motion and supporting affidavit, Arellano–Avila argued that the trial court could issue an order to take the deposition under Crim. P. 15 because: (1) Lopez–Avila's testimony was material and relevant to the case and contradicted the testimony of the complaining witness on several counts; and (2) the fact that Lopez–Avila would not voluntarily travel to Colorado, coupled with the fact that he was outside the court's subpoena power, meant that he was a person who "may be unable to attend a trial" under Crim. P. 15.

The prosecution opposed the motion on the basis that the trial court lacked jurisdiction to order the deposition of a person who is beyond the subpoena power of the court. The district court held a hearing on December 5, 2000. The court ruled preliminarily that it had the power and authority to order a deposition of a foreign citizen residing in a foreign country, but the court requested Arellano–Avila to file a supplemental affidavit in support of his motion.

On December 8, 2000, the district court issued a minute order granting Arellano–Avila's motion. In its order, the district court concluded that the deposition was "necessary under [Crim. P.] 15," provided that the district attorney should attend to cross-examine the witness, and the court assessed the prosecution's costs of travel against the Public Defender's office.

## II.

We hold that neither Crim. P. 15, nor any other provision of law brought to our attention, allows the district court to order that a deposition be taken outside of its presence and jurisdiction.

### A.

### Crim. P. 15

In ascertaining the appropriate construction of a rule of criminal procedure, we look to its plain meaning in pari materia with the other rules, see People ex rel. Farina v. District Court, 184 Colo. 406, 410, 521 P.2d 778, 780 (1974), while keeping in mind that the rules "are intended to provide for the

just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Crim. P. 2.

 Crim. P. 15 governs the taking of depositions in a criminal proceeding. A court may order the deposition of a prospective witness upon motion by either party, "supported by an affidavit showing that [the] prospective witness may be unable to attend a trial or hearing and that it is necessary to take his deposition to prevent injustice." Crim. P. 15(a). The rule further provides that "[u]pon entering an order for the taking of a deposition, the court shall direct that a subpoena issue for each person named in the order." Crim. P. 15(b).

The rule is specific about the purpose and use of a deposition. Its purpose is "to prevent injustice" by allowing for preservation of the testimony of a witness who "may be unable to attend a trial or hearing." Crim. P. 15(a). The deposition is to occur before the court issuing the subpoena, as fixed by the court's order:

> The order shall fix the time for taking the deposition *before the court* where the case is pending and may require that any designated books, papers, documents, photographs, or other tangible objects, not privileged, be produced at that time and place.

*Id.* (emphasis added). The evident purpose of the rule is to preserve the testimony of the likely unavailable witness through an in-person appearance before the court, as though the person were testifying at the time of trial. There is no provision in the rule for taking the deposition outside of the court's presence and jurisdiction.

 The purpose of the subpoena implementing the court's order is to compel appearance of the witness for deposition before the court in which the case is pending. The subpoena requirement is an important constraint on the court's ability to order depositions, because the court must direct a sub-

poena to issue for the party to be deposed. It logically follows that the court may not order a deposition of any person who may not be legally served a subpoena.[1]

 A subpoena may be served on a witness outside of Colorado "only as provided by law." Crim. P. 17(f)(2). Legal mechanisms giving recognition to Colorado laws or court orders outside of the state may include reciprocal uniform acts, compacts, and comity. *See Solliday v. District Court*, 135 Colo. 489, 498, 313 P.2d 1000, 1004 (1957). Without an explicit grant of authority, however, a Colorado court may not procure the testimony of parties outside its jurisdiction. "[N]o state court or government has authority beyond its own borders, each state being sovereign as to its own territory and those residing therein." *State ex rel. Minn. Attorney Gen. v. District Court*, 155 Colo. 521, 525, 395 P.2d 601, 602 (1964); *Solliday*, 135 Colo. at 497–98, 313 P.2d at 1004.

### B.

### Lack of an Authorizing Provision for Taking the Deposition Elsewhere

 Because jurisdiction is so bound up with sovereignty, *see, e.g., Atchison, Topeka & Santa Fe R.R. Co. v. Maggard*, 6 Colo. App. 85, 88–89, 39 P. 985, 986 (1895), and jurisdictional limitations are so fundamental to American jurisprudence, a number of federal and state courts have determined that a court cannot order the deposition or compel the testimony of persons residing outside its jurisdictional boundaries. *See Minder v. Georgia*, 183 U.S. 559, 561–62, 22 S.Ct. 224, 225, 46 L.Ed. 328, 330 (1902); *Walker v. Coiner*, 474 F.2d 887, 889 (4th Cir.1973); *People v. Cavanaugh*, 69 Cal.2d 262, 70 Cal. Rptr. 438, 444 P.2d 110, 112 (1968); *Wilkerson v. State*, 139 Ga.App. 725, 229 S.E.2d 529, 530–31 (1976); *Kardy v. Shook*, 237 Md. 524, 207 A.2d 83, 91 (1965). Where a court cannot order a witness to attend due to jurisdic-

---

1. Crim. P. 15(b) further provides that if it appears the witness will disregard the subpoena, the court may direct the sheriff to produce the witness in court. Disregarding a subpoena, however, is different from being legally immune from

a subpoena. Whether the court directs a subpoena to issue or orders the sheriff to produce the witness, the prospective witness must first be within the court's subpoena power.

tional limitations, failure to so order does not violate due process or equal protection. *See Minder,* 183 U.S. at 562, 22 S.Ct. at 225, 46 L.Ed. at 330; *Cavanaugh,* 70 Cal.Rptr. 438, 444 P.2d at 112 & n. 3; *Wilkerson,* 229 S.E.2d at 530; *Kardy,* 207 A.2d at 93.

We have previously discussed the jurisdictional limitations on court-ordered depositions in the context of civil actions. In *Solliday,* 135 Colo. at 498, 313 P.2d at 1004, we held that C.R.C.P. 28, "which provides in part for taking depositions outside of Colorado on nonresidents not parties to an action in Colorado or served within Colorado, is . . . subject to the implied limitations of mutual compact or uniform act." We therefore concluded that the district court, in ordering a deposition of a non-party witness outside of Colorado in the absence of such authorization, "was proceeding without jurisdiction." *Id.* at 495, 313 P.2d at 1003; *see also State ex rel. Attorney Gen.,* 155 Colo. at 525, 395 P.2d at 602 (echoing the discussion in *Solliday*).

■ In criminal cases, Colorado law provides for securing the appearance in a Colorado court of an out-of-state witness, by agreement with a reciprocating state. In 1939, Colorado adopted "The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings" (the Act). Act approved April 10, 1939, ch. 99, 1939 Colo. Sess. Laws 321 (currently codified as §§ 16–9–201 to –205, 6 C.R.S. (2000)). However, the reach of the Act extends only within the United States, and even then, only to states that have themselves enacted the same law. Sections 16–9–202(1) and 16–9–203(1) provide authority for a Colorado court to certify under its seal that the person is a material witness in a prosecution pending before it and that the presence of the witness is required for a specified number of days. Upon presentation of the certificate to the court in the other state where the witness is found, the judge presiding there shall fix a time and place for a hearing and order the attendance of the witness. The purpose of the hearing is to determine whether to order the witness to appear in the criminal proceeding being conducted in Colorado. Section 16–9–202(2) provides:

If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution or a grand jury investigation in the other state, and that the laws of the state in which the prosecution is pending or grand jury investigation has commenced or is about to commence, and of any other state through which the witness may be required to pass by ordinary course of travel, will give to him protection from arrest and the service of civil and criminal process in connection with matters which arose before his entering into that state under the summons, he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending or where a grand jury investigation has commenced or is about to commence at a time and place specified in the summons. In any such hearing, the certificate shall be prima facie evidence of all the facts stated therein.

The definition of "state" in the Act includes "any territory of the United States and the District of Columbia." § 16–9–201(2). It does not include foreign countries. *See id.* The Act is not applicable here because the witness resides in a foreign nation. Moreover, consistent with Crim. P. 15, the Act contemplates the appearance of the witness before the Colorado court conducting the criminal proceeding.

Because a court's power under Crim. P. 15 only consists of ordering the taking of a deposition before the court, and the trial court here ordered the deposition to be taken outside of its presence and jurisdiction, we must set aside the district court's order providing for the Lopez–Avila deposition to be taken in Mexico.

### III.

Accordingly, we make the rule absolute and vacate the district court's order for deposition.