[No. 20970. Department One. February 15, 1928.]

BLANCHE I. KARR, *Respondent*, v. R. E. MAHAFFAY *et al.,* *Appellants*, JAY DuMas, *Defendant*.[1]

[1] APPEAL (473)—REVIEW—FORMER DECISION AS LAW OF CASE. Matters necessarily determined on a former appeal become the law of the case and are concluded on a subsequent appeal.

[2] APPEAL (347)—BRIEFS—SPECIFICATION OF ERRORS. The supreme court will not consider errors assigned which are not argued in the briefs.

[3] HUSBAND AND WIFE (60)—COMMUNITY PROPERTY—EVIDENCE—SUFFICIENCY. The bare statement of a married man that he was acting for, the accommodation of another in purchasing real property and later selling it at a profit, through written instruments in his own name, is not sufficient to overcome the presumption that he was acting for the benefit of the marital community.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 9, 1927, upon the verdict of a jury in favor of the plaintiff, in an action for rescission of a contract. Affirmed.

*Henderson & Carnahan,* for appellants.

*Ellis & Evans* and *Farrell, Meier & Meagher,* for respondent.

TOLMAN, J.—This case has heretofore been before this court on the appeal of the plaintiff from a judgment n. o. v. in favor of the defendants. *Karr v.*

---
[1]Reported in 264 Pac. 2.

*Mahaffay,* 140 Wash. 236, 248 Pac. 801. The judgment was there reversed, and the cause remanded with instructions to pass upon the motion for a new trial. That the trial court denied the motion for a new trial must be inferred from the fact that it entered a judgment on the verdict against R. E. Mahaffay, individually, and against the community composed of R. E. Mahaffay and Lucille B. Mahaffay for the amount of the verdict, plus interest, on July 9, 1927, from which judgment the defendants have now appealed.

The facts are fully stated in the former opinion and need not be repeated.

[1] The briefs and arguments on this appeal have taken a wide range and partake considerably of the nature of a petition for a rehearing of the former appeal; but, of course, our former adjudication has become final, and we may not now consider anything which was there determined.

We are now clear that the former opinion necessarily determined that the complaint was sufficient, that the admission of evidence of conversations and transactions between the plaintiff and DuMas, in the absence of the Mahaffays, was proper, and that there was sufficient evidence to warrant the jury in finding that a fraudulent conspiracy existed between DuMas and R. E. Mahaffay, by and through which DuMas obtained from the plaintiff a contract of the value of $20,000, and certain money in addition thereto, for the use and benefit of both.

[2] A number of errors are assigned upon the instructions to the jury given and refused, but no word of argument is advanced in support of any of these assignments. Being unable, without assistance, to find any error in these rulings, we must, perforce, follow the well-settled rule to the effect that errors assigned, but not argued, will not be considered.

[3] The entry of a community judgment is also assigned as error, but when, as here, a married man enters into a contract in his individual name to purchase real estate, and then, in the same form, enters into another contract to sell that same real estate at a profit, the transaction is presumptively for the benefit of the community of which he is a member. And there being no evidence to the contrary, except the bare statement of the husband that he acted for the accommodation of another, that can hardly be held to overcome the terms of the written instruments to which he was a party.

Finding no error, the judgment must be, and it is, affirmed.

MITCHELL, PARKER, and FRENCH, JJ., concur.