17 N.J. Super. 533 (1952)
86 A.2d 307
LILA W. KING AND FRANK L. KING, HER HUSBAND, STETSON HOUSE, INC., NEW TREMONT HOTEL, INC., PLAINTIFFS, AND ABRAHAM BLAU, CO-PLAINTIFF,
v.
BENJAMIN HOCHBERG, INDIVIDUALLY AND AS AGENT, ROSE HOCHBERG, HIS WIFE, AND HERMAN COHEN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 1, 1952.
Messrs. Stoffer and Jacobs (Mr. Joseph M. Jacobs appearing), attorneys for co-plaintiff, Abraham Blau.
Messrs. Greene & Hellring (Mr. Israel B. Greene appearing), attorneys for defendant, Herman Cohen.
*534 STEIN, J.S.C.
On February 15, 1951, Abraham Blau was by an order of the court permitted to intervene in this action as an original plaintiff.
On October 24, 1951, on application of counsel for defendant Herman Cohen, an order was entered granting defendant leave to take the depositions of Morris and Solomon Keller, non-resident witnesses, before Joseph C. Paul, an attorney of this State, the testimony to be taken in the Borough of Manhattan, City of New York. Upon failure of the witnesses to attend the order provided for application to the appropriate court in New York for the issuance of subpoenas and subpoenas duces tecum. Such subpoena was issued by Justice Carroll G. Walter of the New York Supreme Court on November 28, 1951, and served on both Morris and Solomon Keller. They appeared and were examined. The transcript of the proceedings is before me. All questions were answered except such as were objected to. Counsel for defendant because of objections decided to suspend further examination.
Counsel for defendant now moves to dismiss the intervening complaint of Abraham Blau, or stay proceedings, or in the alternative for an order directing Blau to produce the Kellers in this State so that their deposition may be taken under the control of this court, and this because of difficulty experienced by counsel to obtain answers to questions over the objections made by counsel appearing for Blau in New York.
Cited by defendant's counsel as authority for this court to compel Blau to produce non-resident witnesses in this State for examination are Hammond Packing Co. v. Arkansas, 212 U.S. 322, 53 L.Ed. 530 (1909); Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951). I have read and considered these cases. I fail to see that the holdings in either of them are authority for counsel's contention under the circumstances in the instant matter.
If counsel for defendant requires relief in aid of the subpoenas issued by Justice Walter of the New York Supreme *535 Court I doubt not that that tribunal may afford him proper relief.
The trial of this case was set some considerable time ago and is scheduled for February 18 and 19. Counsels' research and that made by the court fail to reveal authority in the court to compel the examination of foreign witnesses not served with subpoena within this State.
The motion is denied.