438 P.2d 338

**STATE of Arizona, Appellee,**
v.
**David Henry MANCE, Appellant.**
**No. I CA–CR 142.**

Court of Appeals of Arizona.
March 6, 1968.

Darrell F. Smith, Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

This is an appeal from a judgment of guilt to the crime of grand theft of an automobile (§§ 13–661 and 13–663 A.R.S.), and a sentence of not less than four nor more than eight years in the Arizona State Prison (§ 13–671 A.R.S.). We are called upon to determine:

1. Did the trial court err in failing to grant defendant's motion that the officials of Maricopa County be ordered to provide transportation and lodging for four witnesses from the State of Pennsylvania?

2. Was the defendant adequately represented by counsel?

The facts necessary for a determination of the matter on appeal are as follows. An information was filed in the Superior Court of Maricopa County, State of Arizona, on 17 March 1967 charging the defendant with the crime of grand theft auto, a felony, with a prior conviction. The Public Defender's Office was appointed to represent defendant, and the defendant wrote to the trial court asking that other counsel be appointed. A hearing was held on said request 19 April 1967 at which time the trial court determined that defendant was being adequately represented and denied defendant's request. Defendant also requested that the court order, pursuant to § 13–1863 A.R.S., the officials of Maricopa County to bear costs of transportation and lodging for four witnesses from the State of Pennsylvania that would testify for and on behalf of the defendant. This motion was denied and thereafter the defendant changed his plea from not guilty to guilty, at which hearing the State agreed to dismiss the allegation of prior conviction at the time of sentencing. The defendant was adjudged guilty, sentenced to not less than four nor more than eight years in the Arizona State Prison, and the court ordered the allegation of prior conviction to be dismissed.

## MOTION FOR PRODUCTION OF WITNESSES

The first question presented is a refusal on the part of the trial court to order the

appearance of four witnesses from the State of Pennsylvania to appear in Arizona on behalf of the defendant at the expense of the county. Both Arizona and Pennsylvania have adopted the "Uniform Act to Secure The Attendance of Witnesses From Without a State in Criminal Proceedings". 5 A.R.S. 582, § 13–1861, et seq., § 13–1863, subsec. A, A.R.S. states in part:

> "If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, * * in this state, is a material witness in a prosecution pending in a court of record in this state, * * *, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate shall be presented to a judge of a court of record in the county in which the witness is found."

And § 13–1863, subsec. C, A.R.S. provides:

> "If the witness is summoned to attend and testify in this state he shall be tendered the sum of ten cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending and five dollars for each day that he is required to travel and attend as a witness. * * *"

We have found no case in Arizona requiring the State to advance funds for out-of-state witnesses in a criminal case. Other states have construed this Uniform Act and generally agree that:

> "The Uniform Act contains no provision authorizing the court to make such an order. It is silent as to the source of money which must be paid or tendered to a witness, and nowhere in the Act is there any language conferring upon the court authority to make an order for the payment of the fees and mileage by the state. We cannot read into the statute such a provision without indulg-

ing in judicial legislation." State v. Blount, 200 Or. 35, 264 P.2d 419, 424, 44 A.L.R.2d 711, 716 (1953).

And the Nevada court has stated:

> "Although no case directly in point has been found, it is clear that this statute, providing, as it does, that specified sums for fees and mileage shall be paid or tendered to non-resident witnesses summoned to attend and testify in criminal prosecutions in this state, but not providing, either expressly or by implication, that such witnesses summoned on behalf of the defendant shall be brought in without expense to him, does not confer upon the courts of this state authority to procure the attendance and testimony of witnesses from without the state for the defendant in any case at the expense of the public." State v. Fouquette, 67 Nev. 505, 221 P.2d 404, 410 (1950). See also State v. Swenson, Minn., 66 N.W.2d 1 (1954), Vore v. State, 158 Neb. 222, 63 N.W.2d 141 (1954).

But even if the Act did provide for the payment of funds by the State to assure the attendance of said out-of-state witnesses the burden of showing the necessity for such an order rests upon the defendant. In a recent case the New Jersey court stated that the Uniform Act:

> "* * * does provide a statutory means whereby a witness from another state can be compelled to attend and testify at a criminal trial in our State. The remedy is equally available to the State and defendant. (citations omitted) * *

> "To obtain the relief provided for * * defendant had the burden of establishing that Sabol was a 'material witness'. This required, at the preliminary hearing upon his application, a showing that not only would Sabol testify favorably in his behalf, but also that such testimony would be material to his defense. * * *" State v. Smith, 87 N.J.Super. 98, 208 A.2d 171, 174 (1965).

In order for the defendant to procure the attendance of a witness from without the State it is incumbent upon him to show the reason why the attendance of this witness is necessary. The defendant in the trial court and in the pleadings filed in this Court has shown nothing which would bring the defendant's motion within the purview of the Uniform Act. This motion is addressed to the sound discretion of the trial court, and the burden is on the defendant to show the reasons why said order should be issued, and we find no error in the denial of defendant's motion by the court below.

## PROPER REPRESENTATION

The second question presented is whether the defendant was adequately represented by counsel. It is alleged by the defendant that since counsel failed to inform the court of the necessity of the testimony of the four witnesses from Pennsylvania he was not adequately represented by counsel. Our Court will not set aside a conviction upon the allegation that the defendant was not adequately represented unless the defendant can show that his representation was a farce or a sham or shocking to the conscience of the court. State v. Kelley, 6 Ariz.App. 547, 434 P.2d 663 (1967), State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. den. 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967). We cannot agree that the mere failure on the part of counsel to set out matters or testimony in support of his motion sufficient to convince the trial court to grant the motion was an error of such magnitude to justify a setting aside of the conviction. This is especially true when there is nothing contained herein to convince this Court in its discretion that the motion should have been granted. We have examined the record before us and we can find no reversible error.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.