594 P.2d 102

The STATE of Arizona, Appellee,

v.

Diane Fielder BRADY, Appellant.

No. 2 CA–CR 1418.

Court of Appeals of Arizona, Division 2.

Nov. 16, 1978.

Rehearing Denied Dec. 27, 1978.

Review Granted Jan. 23, 1979.

John A. LaSota, Jr., Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Stephen C. Bergsten, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of grand theft auto and sentenced to a term of not less than 58 months nor more than five years in the Arizona State Prison. Prior to trial she made a motion under the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, A.R.S. Sec. 13–1861 et seq., for the issuance of a certificate to secure the attendance at trial of her husband who was incarcerated in the county jail in Modesto, California. This motion was supported by appellant's affidavit that her husband would testify that he stole the automobile but never told appellant he had taken it without the owner's consent.

At the hearing on the motion the trial court was concerned that there would be a waste of state funds if the husband were brought here only to have him invoke his Fifth Amendment right not to testify. The court took a recess to give the defense an opportunity to contact the husband personally in order to ascertain if he would waive his Fifth Amendment privilege. Defense counsel spoke with the husband on the telephone and reported to the court that the

husband would waive the privilege. He also told the court the details of the crime which were related to him by the husband. They substantiated appellant's affidavit.

The court noted that at the recess an attempt was made to contact the husband's California attorney to find out if he would permit his client to testify, but they were not able to speak with him. Therefore, there was some doubt whether the husband would in fact testify. The prosecutor also pointed out that the husband had previously escaped from penal institutions in California and Oklahoma.

The trial court refused to issue a certificate. On its own motion, however, it granted appellant the right to secure her husband's testimony by means of written interrogatories pursuant to A.R.S. Sec. 13–1901 et seq. Written interrogatories were propounded to and answered by the husband in California. The interrogatories and the answers, which exonerated appellant, were introduced into evidence at the trial.

Appellant contends that she was entitled to a certificate under the Uniform Act and that its denial violated her right to compulsory process under the Sixth and Fourteenth Amendments to the United States Constitution and Art. 2, Sec. 24 of the Constitution of the State of Arizona.

We do not agree that appellant's constitutional right to compulsory attendance of witnesses is involved here. The right to compulsory process does not require a state to procure for a defendant witnesses who are living outside the state and therefore beyond the reach of its process. *State v. Lupino*, 268 Minn. 344, 129 N.W.2d 294 (1964), cert. den. 379 U.S. 978; *State v. Smith*, 87 N.J.Super. 98, 208 A.2d 171 (1965); 97 C.J.S. Witnesses § 9 (1957).[1] The Uniform Act does not give Arizona courts extra-territorial jurisdiction but depends upon the principles of comity. *State v. Jordan*, 83 Ariz. 248, 320 P.2d 446 (1958).

Citing *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), n. 4 at p. 1321, the state contends that the Uniform Act does not apply to witnesses who are incarcerated and that the proper method to secure the attendance of such a witness is to apply for a writ of habeas corpus *ad testificandum*. The footnote lends some support to the state's contention. However, we need not decide this issue. Assuming arguendo that the Uniform Act does apply to prisoners in another state, the trial court did not err in refusing to issue the certificate. A.R.S. Sec. 13–1863(A) states:

"If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court *may* issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate shall be presented to a judge of a court of record in the county in which the witness is found." (Emphasis added.)

We believe that the Act gives some discretion to the court as to whether or not it will issue a certificate. Under the circumstances of this case we do not believe the trial court abused its discretion.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

1. It has been held that where depositions of defendant's witnesses are available to defendant, he is not deprived of his right to compulsory process. *State v. Dehler*, 257 Minn. 549, 102 N.W.2d 696 (1960), out of state witnesses; *Ex parte Bagwell*, 26 Cal.App.2d 418, 79 P.2d 395 (1938), witnesses in prison.