594 P.2d 94

**The STATE of Arizona, Appellee,**

v.

**Diane Fielder BRADY, Appellant.**

**No. 4502–PR.**

Supreme Court of Arizona,
In Banc.

April 9, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., Phoenix by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Stephen C. Bergsten, Tucson, for appellant.

CAMERON, Chief Justice.

Defendant, Diane Fielder Brady, was tried and convicted of grand theft auto in violation of former A.R.S. § 13–672(A) and (B), and was sentenced to serve not less than 58 months nor more than five years in the Arizona State Prison. The Court of Appeals, Division Two, affirmed the conviction and judgment. 122 Ariz. 236, 594 P.2d 102 (App.) No. 2 CA–CR 1418, filed 16 November 1978. We granted defendant's petition for review pursuant to Rule 47(b), Rules of the Supreme Court, 17A A.R.S., to consider only one question: Was the defendant denied due process of law by the trial court's denial of her motion to summon an out-of-state witness to testify in her behalf at her trial?

Prior to trial, defendant moved, under the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, A.R.S. § 13–1861, et seq. (renumbered § 13–4091, et seq., in the Criminal Code effective 1 October 1978), for the issuance of a certificate to secure the attendance at trial of her husband who was incarcerated in a California county jail. The motion was supported by defendant's affidavit stating that her husband would testify that he did not tell her he had taken the car without the owner's consent.

At a hearing on the motion, there was some concern whether the witness, if called, would refuse to testify. After a telephone call by defendant's attorney to the witness in a California jail, the court was assured that the witness would testify that the defendant had no knowledge the automobile was taken without the permission of the owner. The trial court denied the certificate under the Uniform Act, but allowed defendant to take her husband's testimony by means of written interrogatories pursuant to A.R.S. § 13–1901 (§ 13–4111 in the new Code.) The written interrogatories were answered by the husband in California. The answers indicated that the defendant had no knowledge the automobile was taken without permission. The interrogatories and answers were read to the jury. The defendant was convicted and appealed urging that she was denied due process of law by the denial of her motion to secure the attendance at trial of the only witness whose testimony could have exonerated her.

The Sixth Amendment to the United States Constitution guarantees that:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor * * *."

This right is applicable to the states through the Fourteenth Amendment. *Washington v. State of Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Article 2, § 24 of the Arizona Constitution similarly provides that:

"In criminal prosecutions, the accused shall have the right * * * to have compulsory process to compel the attendance of witnesses in his own behalf * * *."

In order to implement this constitutional safeguard when there are out-of-state witnesses, Arizona adopted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, A.R.S. § 13–1861, et seq. (renumbered A.R.S. § 13–4091, et seq.). That portion of the Uniform Act at issue in this case is § 13–1863(A) (renumbered § 13–4093[A]), which reads as follows:

"If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate shall be presented to a judge of a court of record in the county in which the witness is found."

This statute sets forth two initial requirements that must be met in order for a certificate to issue: (1) the other state, in this case California, must have a reciprocal provision for "commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence in [Arizona]"; and (2) the desired witness must be "material."

Both these requirements are met here. California Penal Code § 1334.2 provides the reciprocal statutory authority for compelling people within its borders to testify in prosecutions or grand jury investigations in other states, assuming a reciprocal provision existing in the laws of the requesting state and a showing of materiality has been made.

With regard to the second requirement, it is undisputed that the witness's testimony would have been that he stole the car and that the defendant had no personal knowledge that the car was stolen. We cannot think of testimony that would be more material to a charge of grand theft auto. The witness's testimony went to the heart of the defense. It was material.

Given the requested witness's materiality and the fact that his testimony was critical to the defense of the case, we believe that defendant was denied due process of law by the court's refusal to issue the certificate. *State v. Macumber* (Holohan, J., specially concurring), 112 Ariz. 569, 544 P.2d. 1084 (1976); see *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

The State contends, however, that the issuance of the certificate under the Uniform Act is left to the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Mance*, 7 Ariz.App. 269, 438 P.2d 338 (1968). The State argues in this regard that the submission of the answered interrogatories sufficiently placed the witness's exculpatory testimony before the jury and that there was therefore no abuse of discretion in refusing to bring the witness to testify in person. We do not agree. The United States Supreme Court has stated:

"The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber v. Page*, supra, 390 U.S. at 725, 88 S.Ct. at 1322, 20 L.Ed.2d at 260.

In the instant case, the jury was deprived of the opportunity to weigh the demeanor of this most important defense witness. We do not believe, under the facts in this case, that the written interrogatories were a sufficient alternative. The live testimony of the proposed witness as opposed to the written interrogatories could have been the difference between conviction and acquittal, and it was error not to attempt to have the witness present for trial.

The State further contends that the witness, being in custody in California, was not available and that § 13–1861 did not apply. We note, however, that the court

made no effort to secure the witness under the provisions of § 13–1861. If the court had done whatever it could to facilitate the witness's appearance and failed, we might view the matter differently. The court, however, clearly indicated it did not intend to assist the defendant in securing the presence of the witness and that written interrogatories would be sufficient. We therefore need not consider the reach of the statute at this time.

Although we do not specifically address the question of equal protection, we do note that the prosecution brought three witnesses from Oklahoma for the trial, presumably at state expense, and when it was requested that the defendant be made available as a witness in the California trial of her husband, the court indicated "that the Court will do whatever we can to facilitate her appearance on that date," and the county attorney did not resist "provided we're not out any money." We do not infer that the defendant would be entitled to just as many witnesses from out-of-state as the prosecution or that the defendant is entitled to spend an amount of money equal to that spent by the prosecution for securing witnesses. In the instant case, however, funds available for necessary witnesses appeared to be more available to the State than to the defendant and costs appeared to be the overriding factor in determining whether defendant would be entitled to have this important defense witness present.

The opinion of the Court of Appeals is vacated. The judgment and conviction are reversed, and the case is remanded for a new trial consistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.