647 A.2d 160

A. JARED SILVERMAN, CHIEF, NEW JERSEY BUREAU OF
SECURITIES, PLAINTIFF–RESPONDENT, v. ROBERT
GARY BERKSON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 24, 1994—Decided June 20, 1994.

Before Judges J.H. COLEMAN, MUIR, Jr. and LEVY.

*Richard F. Horowitz,* admitted pro hac vice, argued the cause on behalf of appellant (*Hellring, Lindeman, Goldstein & Siegal,* attorneys; *Bruce S. Etterman,* on the brief).

*Michael Pariṣer,* Deputy Attorney General, argued the cause on behalf of respondent (*Deborah T. Poritz,* Attorney General, attorney).

The opinion of the court was delivered by

LEVY, J.S.C. (temporarily assigned).

In connection with a private investigation, the New Jersey Bureau of Securities (NJBS) issued an investigative subpoena requiring defendant's appearance at the NJBS offices in Newark. Defendant was served at his home in East Hills, New York by NJBS personnel. When defendant refused to comply with the subpoena, NJBS filed an enforcement action, pursuant to *R.* 1:9–6, by verified complaint. The court issued an order to show cause, to which defendant responded with a motion to dismiss the com-

plaint, to discharge the order to show cause and to quash the subpoena. The court ordered the enforcement requested by NJBS, and defendant appeals therefrom.

Defendant contends the subpoena cannot be served outside the State, while NJBS contends it is authorized to do so by *N.J.S.A.* 49:3–68 implemented by the court's long-arm jurisdiction based on minimum contacts with this state. We agree with defendant and reverse the order of August 25, 1993 which validated and enforced the subpoena.

NJBS posits *N.J.S.A.* 49:3–68(a), empowering a private investigation by NJBS "within or outside of this State," considered with *N.J.S.A.* 49:3–68(b), authorizing NJBS to "subpoena witnesses, compel their attendance, [and] take evidence," validates the investigatory subpoena it served on defendant. Enforceability, it argues, would follow if the subpoenaed witness had minimum contacts with this State. We reject this argument.

■ The authority granted by *N.J.S.A.* 49:3–68 anticipates enforcement of subpoenas in the courts of the foreign state where the investigation takes place and where the witness resides. This was the procedure followed in *King v. Hochberg,* 17 *N.J.Super.* 533, 86 *A.*2d 307 (Ch.Div.1952). The court found no authority "to compel the examination of foreign witnesses not served with subpoena within this State." *Id.* at 535, 86 *A.*2d 307.

*R.* 4:14–7 and *R.* 1:9–4 make it clear that a court may only consider enforcing a subpoena served within this State.

The attendance of a witness at the taking of depositions may be compelled by subpoena, issued and served as prescribed by *R.* 1:9 insofar as applicable....

[*R.* 4:14–7(a) ]

.... A nonresident of this State subpoenaed within this State may be required to attend....

[*R.* 4:14–7(b)(1) ]

A subpoena requiring the attendance of a witness at a hearing in any court may be served at any place within the State of New Jersey.

[*R.* 1:9–4]

Under authority of *R.* 4:11–5, non-party witnesses may be compelled to testify at a deposition in another state and the deposition may be used in an action here. However that procedure is only available:

> if the sister state has a procedure, by rule or statute, similar to R. 4:11–4, which authorizes the foreign court to issue a deposition subpoena on petition in aid of foreign litigation. If it does not and if the witness is not a party, witness attendance at an out-of-state deposition can be compelled only by the issuance in this state of a commission or letter rogatory.
>
> [Pressler, *Current N.J. Court Rules,* Comment on *R.* 4:11–5 (1994)].

It is this type of procedural format envisioned by *N.J.S.A.* 49:3–68.

Considerations of the witness' contacts with this State are irrelevant. Pursuant to long-arm jurisdiction, New Jersey allows service of a summons and complaint to the fullest extent possible in order to afford due process of law, and maintenance of an action with this type of service of process does not offend notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945); *Lebel v. Everglades Marina, Inc.,* 115 *N.J.* 317, 322, 558 *A.*2d 1252 (1989). We agree with the trial judge that defendant had minimum contacts with this State, but while that may support initiation of an action here by NJBS against defendant, it does not countenance issuance of a subpoena to compel appearance and testimony.

In criminal matters, the constitutional right of a defendant to subpoena witnesses does not extend to witnesses from without the State. *Minder v. Georgia,* 183 *U.S.* 559, 562, 22 *S.Ct.* 224, 225, 46 *L.Ed.* 328, 330 (1902) (the "lawmaking power of the state is powerless to make any provision which would result in the compulsory attendance of the [out-of-state] witnesses...."). *See also State v. Smith,* 87 *N.J.Super.* 98, 102, 208 *A.*2d 171 (App.Div.1965). In a grand jury investigation or a criminal proceeding, a nonresident may be subject to an enforceable subpoena pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, adopted in this State as *N.J.S.A.* 2A:81–18 to 23. Since NJBS private investigations are not crimi-

nal proceedings, that act is not germane here, but it illustrates a procedural scheme for criminal matters similar to our procedures in civil matters.

Service of the subpoena here violates defendant's due process rights. A court cannot accord an agency's subpoena greater power than a subpoena issued in the name of the court via enforcement. *Doumani v. Casino Control Comm'n. of N.J.*, 614 *F.Supp.* 1465, 1471 (D.N.J.1985). *Doumani* involved the attempt of nonresident indirect owners of stock in a casino to enjoin the Casino Control Commission from holding hearings concerning those owners' qualifications. The commission's decision after the hearings would affect all ownership interests in the casino since its license would be in jeopardy if it failed to comply with the commission's decision. The nonresident owners' interests were properly before the commission, but no attempt was made to subpoena them or in any way compel their attendance at the hearings. There the court said:

> [i]n New Jersey, the courts are permitted to exercise jurisdiction over nonresidents to the outer limits of the due process requirements of the U.S. Constitution. As a state agency whose actions are reviewable in the courts of the State of New Jersey, the Commission is subject to identical limits.
>
> [*Id.* at 1471].

*See also In re Addonizio*, 53 *N.J.* 107, 120–21, 248 *A.*2d 531 (1968).

Accordingly, the subpoena must be quashed, the enforcement action dismissed and the order reversed.

Reversed.