[*Crispin v. Volkswagenwerk, A.G.*, 96 *N.J.* 336, 354–55, 476 *A.2d* 250 (1984), *certif. denied*, 126 *N.J.* 385, 599 *A.2d* 162 (1991).]

We are satisfied however, that the limits are not reached here. Plaintiffs' legal malpractice claims are precluded by the entire controversy doctrine. Although the trial judge precluded plaintiffs' claims because of the statute of limitations, "an order or judgment will be affirmed on appeal if it is correct, even though the judge gave the wrong reasons for it." *Ellison v. Evergreen, supra*, 266 *N.J.Super.* at 78, 628 *A.2d* 793; *Isko v. Planning Bd. of Twp. of Livingston*, 51 *N.J.* 162, 175, 238 *A.2d* 457 (1968).

Affirmed.

654 A.2d 1030

IN MATTER OF THE APPLICATION OF THE NEW JERSEY BU-REAU OF SECURITIES FOR AN OPEN COMMISSION UNDER R. 4:11–5(B) TO EXAMINE UNDER OATH ROBERT G. BERK-SON, A RESIDENT OF THE STATE OF NEW YORK.

IN MATTER OF THE APPLICATION OF THE NEW JERSEY BU-REAU OF SECURITIES FOR AN OPEN COMMISSION UNDER R. 4:11–5(B) TO EXAMINE UNDER OATH PETER F. HIBBARD, A RESIDENT OF THE STATE OF MARYLAND.

Superior Court of New Jersey
Appellate Division

Argued December 13, 1994—Decided March 20, 1995.

Before Judges BRODY, LONG and ARNOLD M. STEIN.

*Richard F. Horowitz,* a member of the New York bar, admitted *pro hac vice,* argued the cause for appellants (*Hellring, Lindeman, Goldstein & Seigel,* attorneys; *James A. Scarpone* on the briefs).

*Michael Pariser,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General, attorney; *Andrea M. Silkowitz,* Assistant Attorney General, of counsel; *Mr. Pariser* and *Joshua Rabinowitz,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

We reverse the orders of the Chancery Division issuing commissions pursuant to *R.* 4:11–5 for the taking of the out-of-state depositions by the New Jersey Bureau of Securities of appellants Robert Gary Berkson, a New York state resident, and Peter F. Hibbard, a Maryland resident.

On December 1, 1992, the Bureau issued an investigative subpoena requiring Berkson, a broker-dealer for First Jersey Securities, Inc., to appear and provide testimony at the Bureau's offices in New Jersey as part of a three-year investigation into the activities of several individuals and entities to determine whether they violated the Uniform Securities Law, *N.J.S.A.* 49:3–47 to –76. The Bureau personally served Berkson at his home in New York on December 2, 1992.

When Berkson refused to comply with the subpoena, the Bureau filed a verified complaint and application for order to show cause seeking its enforcement. Berkson cross-moved to dismiss the complaint, discharge the order to show cause and quash the subpoena. On August 25, 1993, the Chancery judge signed an order enforcing the subpoena. Berkson appealed.

On June 7, 1994, the Bureau issued a similar investigative subpoena requiring the appearance and testimony in New Jersey of Peter F. Hibbard, a Maryland resident, one of the original owners of Hibbard, Brown & Co., Inc. Hibbard's attorney accepted service of the subpoena reserving all rights to contest its validity. Neither the Bureau nor Hibbard took any action with respect to the subpoena pending disposition of Berkson's appeal.

We held that the Bureau did not have the authority to issue and serve subpoenas in another state compelling non-resident witnesses to testify in New Jersey. *Silverman v. Berkson,* 276 *N.J.Super.* 6, 10, 647 *A.*2d 160 (App.Div.1994). We reversed the order of the Chancery Division, quashed the subpoena and dismissed the enforcement action. *Ibid.* The New Jersey Supreme Court granted the Bureau's petition for certification. 138 *N.J.* 268, 649 *A.*2d 1288 (1994). The matter is pending before the Supreme Court.

In *Silverman,* we rejected the Bureau's contention that its authority to issue out-of-state subpoenas to non-resident witnesses compelling their testimony in New Jersey derived from reading together *N.J.S.A.* 49:3–68(a), which empowers the Bureau to conduct an investigation "within or outside of this state," and *N.J.S.A.*

49:3–68(b), which authorizes the Bureau "to subpoena witnesses, compel their attendance [and] take evidence." *Silverman, supra,* 276 *N.J.Super.* at 8, 647 *A.*2d 160. We said that "[t]he authority granted by *N.J.S.A.* 49:3–68 anticipates enforcement of subpoenas in the courts of the foreign state where the investigation takes place *and where the witness resides." Ibid.* (emphasis added).

We also said:

Under authority of *R.* 4:11–5, non-party witnesses may be compelled to testify at a deposition in another state and the deposition may be used in an action here. However that procedure is only available:

"if the sister state has a procedure, by rule or statute, similar to *R.* 4:11–4, which authorizes the foreign court to issue a deposition subpoena on petition in aid of foreign litigation. If it does not and if the witness is not a party, witness attendance at an out-of-state deposition can be compelled only by the issuance in this state of a commission or letter rogatory."

[*Id.* at 9, 647 *A.*2d 160 (citing *Pressler, Current N.J. Court Rules,* Comment on *R.* 4:11–5 (1994)).]

We decided *Silverman v. Berkson* on June 20, 1994. On July 25, 1994, the Bureau moved in the Chancery Division, pursuant to *R.* 4:11–5, for the issuance of an open commission to compel Berkson's testimony in New York state. On August 5, 1994, the Bureau made a similar motion to compel Hibbard's testimony in Maryland. The Chancery judge entered the orders authorizing the commissions to take the out-of-state depositions of Berkson and Hibbard.

*R.* 4:11–5 provides:

A deposition for use in *an action in this state,* whether pending, *not yet commenced,* or pending appeal, may be taken outside this state either (a) on notice pursuant to *R.* 4:14–2, or, in the case of a foreign country, pursuant to *R.* 4:12–3; or (b) in accordance with a commission or letter rogatory issued by a court of this state, which shall be applied for by motions on notice; or (c) in any manner stipulated by the parties. Depositions within the United States taken on notice shall be taken before a person designated by *R.* 4:12–2. Commissions and letters rogatory shall be issued in accordance with *R.* 4:12–3. If the deposition is to be taken by stipulation, the person designated by the stipulation shall have the power by virtue of the designation to administer any necessary oath.

[Emphasis added.]

Our opinion in *Silverman* did not envision the use of *R.* 4:11–5 as authorizing issuance of a commission to compel the testimony of

an out-of-state resident solely for investigative purposes. We find no authority for such extraterritorial subpoena power to be conferred upon the Bureau by *N.J.S.A.* 49:3–68(b) or any other statute. If the Legislature had wished to bestow such extraordinary extraterritorial authority upon the Bureau, it could have done so in plain language. *In the Matter of the Closing of Jamesburg High School,* 83 *N.J.* 540, 548, 416 *A.2d* 896 (1980) (court is "not at liberty to presume the legislature intended something other than what it expressed by its plain language"). *See, e.g., N.J.S.A.* 2A:81–20 of the Uniform Act to Secure the Attendance of Witnesses Within or Without the State in Criminal Proceedings, *N.J.S.A.* 2A:81–18 to –23, which sets forth the procedure to compel the appearance of a non-resident in New Jersey who is a material witness in a criminal trial or a grand jury investigation.

Our conclusion is reinforced by the absence of any provision in New Jersey's version of the Uniform Securities Law affording a procedure for the Bureau to take out-of-state testimony of a non-resident witness. See the 1985 version of the Uniform Securities Act, §§ 101 to 807, 7B U.L.A. 75–136 (Supp.1994), not adopted in New Jersey, New York or Maryland. The new Act specifically provides for testimony to be taken in the state of the non-resident witness for purpose of an investigation being conducted in another state:

> (a) The [Administrator] may make any investigation, within or without this State, the [Administrator] finds necessary to determine whether a person has violated or is about to violate this [Act] or a rule or order of the [Administrator] under this [Act] or to aid in enforcement of this [Act].
>
> ....
>
> (c) For purposes of an investigation or proceeding under this [Act], the [Administrator] or an officer or employee designated by the [Administrator] by rule or order may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production, by subpoena or otherwise, of books, papers, correspondence, memoranda, agreements, other documents, and records the [Administrator] considers to be relevant and material to the investigation or proceeding....
>
> ....
>
> (e) If a person does not testify or produce the documents required by the [Administrator] or a designated officer or employee pursuant to subpoena, the

[Administrator] or designated officer or employee may apply to the court for an order compelling compliance.

(f) A request for an order of compliance may be addressed to:

(1) the [designate court having general trial jurisdiction] Court if the person is subject to service of process in this State; or

(2) a *court of another state able to assert jurisdiction over the person refusing to testify or produce, if the person is not subject to service of process in this State.*

[Uniform Securities Act, § 601, 7B U.L.A. 117–118 (Supp.1994) (emphasis added).][1]

*R.* 4:11–5 authorizes the Commission to issue the taking of an out-of-state deposition "for use in an action in this State." The rule does not permit the taking of a deposition in another state if it is to be used solely for investigative purposes by a New Jersey administrative agency.

The orders of the Chancery Division issuing the commissions are reversed. The matter is remanded to the Chancery Division for dismissal of the action.

---

[1] This latest version of the Uniform Securities Act has been adopted in whole or in part in six states: Colorado, Maine, Nevada, New Mexico, Rhode Island and Vermont. General statutory notes to Uniform Securities Act, 7B U.L.A. 69 (Supp.1994).